# CIRCUIT COURT OF BALTIMORE CITY

Filed March 15, 1890.

PIERRE J. DAUSCH
VS.
J. FRED. REQUARDT.

*Benjamin E. P. Crampton* solicitor for plaintiff.

*J. Fred. Requardt* and *Charles Herzog* solicitors for defendants.

DENNIS, J.—

In June, 1888, George P. Dausch made a voluntary deed to J. Fred. Requardt, trustee, for the benefit of himself, his wife and children. In November of the same year, the said George P. Dausch died, and his widow was appointed the administratrix of his estate. November, 1889, the plaintiff, who claims that he was a creditor of the said deceased at the time the said voluntary deed was made, filed a bill in equity to set aside the said deed on the ground that it was void as against him, a subsisting creditor. The grantees in said deed, including the

widow in her individual capacity, and as administratrix of the deceased grantor, were made parties defendants. The defendants demurred to the bill and contended in argument that the bill was multifarious; first, because the trustee was an improper party; second, because the widow was made a defendant in two capacities; third, that in a bill to set aside a voluntary conveyance of leasehold property, made by a person who is dead at the time the said bill is filed, the personal representative of the deceased grantor is not a proper or necessary party.

On the above facts Judge Dennis decides as follows:

"The demurrer will be overruled. The defendant, Requardt, trustee, is a proper party, because of the legal title having vested in him. The administratrix of the grantor is a *proper* party, even if not a *necessary* party. It is well settled in this State that the grantor himself, would, if alive be a necessary party (Lovejoy vs. Ireland, 17 Md. 526), and I can see no reason why his administratrix should not be so, for the same reasons that would make him a necessary party, which is, because if the deed is void against subsisting creditors, the title remains, in the grantor, or his personal representatives, if he be dead, for their use. Waters vs. Dashiell, 1 Md. 470. See Bump on Fraudulent Conveyances, 548, where it is stated, as the result of the American authorities, that if the grantor dies, his administrator is a proper, but not a necessary party. The case of Taylor vs. Sachs, decided in this Court, is very different from the one at Bar, as was sufficiently pointed out at the hearing. Nor does the case of Nard vs. Duke of Northumberland, 2 Anatr., 469, sustain the contention of the demurrant. In that case, the bill was held to be multifarious, because the Duke was sued as heir on a claim against him as heir and in the same bill another claim was made against him, in which he was sought to be bound as executor. In the bill here there is but one claim, in which the defendant is interested in both her individual and representative capacity, she is therefore a proper party."